# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NALCO COMPANY, a corporation, | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| v. | ) | |
| ENVIRONMENTAL MANAGEMENT, INC., a corporation, | ) | No. 08 C 2708 |
| Defendant/Counter-Claimant/Third-Party Plaintiff, | ) | The Honorable William J. Hibbler |
| v. | ) | |
| CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a corporation, and UNITED STATES ENVIRONMENTAL SERVICES, LLC, a corporation. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nalco brought this lawsuit in Illinois state court against Defendant Environmental Management (EMI), alleging breach of contract and negligence. EMI removed the case to this court on the basis of diversity jurisdiction. EMI then filed third party complaints against Clean Harbors Environmental Services (CHES) and United States Environmental Services (USES). EMI, CHES, and USES now move the Court to transfer the case to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a). In addition, USES argues for transfer under 28 U.S.C. § 1406(a). For the reasons below, the Court grants the parties' motions under § 1404(a). For this reason, and because USES seeks the same relief pursuant to both sections, the Court expresses no opinion regarding the request pursuant to Section 1406(a).

1

## BACKGROUND

Nalco alleges that a contract between itself and EMI required EMI to clean up and remove a chemical from the property of one of Nalco's customers in Mississippi. EMI allegedly cleaned up the chemical, but delayed in removing it, storing it in tanks on the property in the meantime. Then, an employee or contractor of Nalco's customer damaged one of the tanks, causing the contents to spill onto the property yet again. Nalco claims that it was damaged by EMI's failure to remove the chemical and by its placement of the storage tanks.

After removing this case to this court from state court, EMI filed a motion to dismiss or, in the alternative, to transfer venue. Soon thereafter, recognizing that discovery might impact the issues involved in such a motion, EMI withdrew the portion of the motion seeking transfer. In its motion to dismiss, EMI claimed that the Court lacked personal jurisdiction over EMI and that the Northern District of Illinois was not a proper venue for the case. On March 31, 2009, the Court denied that motion. Thereafter, in October, 2009, EMI filed a counterclaim against Nalco and third-party complaints against CHES and USES, two subcontractors on the Mississippi clean-up project. While CHES and USES have not pursued any claims themselves, they indicate their intent to seek contribution from Nalco's customer and the employee or contractor who damaged the storage tank.

## DISCUSSION

**I.      Preliminary arguments**

At the outset, Nalco challenges the parties' ability to bring the instant motions for a couple of reasons. First, Nalco argues that third party defendants lack standing to challenge venue. Second, Nalco argues that EMI waived its right to challenge venue.

### A. Third-party defendants' standing

The relevant statutory provision allowing for transfer of venue is silent on the issue of who may move for transfer and states simply, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, for support of its first argument, Nalco looks to case law, citing *Pelinski v. The Goodyear Tire & Rubber Co.*, 499 F. Supp. 1092 (N.D. Ill. 1980). The *Pelinsi* court did not actually settle the issue of whether a third-party defendant can bring a motion under Section 1404(a). Instead, the court, citing secondary sources, noted that "[t]here is...some question whether a third-party defendant can invoke the 'in the interest of justice' standard of Section 1404(a)." 499 F. Supp. at 1095. Nonetheless, the court found that the third-party defendant had not met its burden under Section 1404(a) and denied the motion. *Id.* at 1095-96.

In fact, there is very little case law on the issue of whether a third-party defendant may move for transfer of venue under § 1404(a). The main support for Nalco's argument seems to come from repeated declarations such as the one made in *Pelinski* that "third-party proceedings are considered ancillary to the main action and therefore do not require independent satisfaction of the venue statutes." *Id.* at 1095; *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1445 (2d ed. Supp. 2009) ("statutory venue limitations have no application to [third-party] claims even if they would require the third-party action to be heard in another district had it been brought as an independent action"). However, that principle does not rule out the possibility that third-party proceedings may impact the court's considerations in a Section 1404(a) motion for discretionary transfer based on convenience, nor does it prohibit third-party defendants from filing motions under Section 1404(a).

The Court is persuaded instead by the logic of cases such as *Kendall U.S.A., Inc. v. Central Printing Co.*, 666 F. Supp. 1264 (N.D. Ind. 1987), which holds that "lawsuits should be viewed in their entirety when considering transfer" and thus, that "equal weight will be given to the third-party defendants as the statutory factors are considered." *See also Krupp Int'l, Inc. v. Yarn Indus., Inc.*, 615 F. Supp. 1103, 1107 (D. Del. 1985) ("[t]he policy considerations for granting a motion to transfer by a party to the original action seem equally applicable to a third-party defendant"). Section 1404(a) requires the Court to take the "convenience of the parties and witnesses" into account in deciding whether to transfer a case. It defies logic to consider the convenience of the plaintiff, the defendant, and any non-party witnesses, but not the convenience of the third-party defendants. Thus, the Court rejects the argument that CHES and USFS are without standing to bring the instant motions.

### B. Waiver by EMI

Nalco also argues that EMI should be barred from bringing its motion because of its previous filings in this case. Nalco points out that EMI did not file its motion until after filing a counterclaim and two third-party complaints. Nalco presents virtually no argument on this issue, and cites no law for support of its argument. In response, EMI points out that it did initially file a motion for transfer of venue. However, it withdrew that motion, expressly reserving the right to re-file once discovery provided a factual background for arguing the issue. In some ways, EMI's third-party complaints provide much of that background, as discussed below. Thus, the Court finds that EMI has not waived this argument. For this additional reason, Nalco's arguments regarding Third-Party Defendants' standing to move for transfer are irrelevant because EMI (who undoubtedly has standing) has joined in their motions.

4

## II. Standard of review

The Court's decision about whether to transfer a case or not is discretionary. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986); *see also* 28 U.S.C. § 1404(a). However, when a party moves for transfer, that party bears the burden of establishing that the transferee venue is more convenient. *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002). As the statute implies, the Court should only transfer a case under Section 1404(a) when: (1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer will serve the convenience of the parties and witnesses; and (4) the transfer will serve the interests of justice. *See Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007). In evaluating the convenience of the parties and witnesses, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Allied Van Lines*, 200 F. Supp. 2d at 946 (N.D. Ill. 2002). In considering the interests of justice, courts weigh additional factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue. *Id.*

## III. Analysis

### A. Proper venue

The Court already ruled that venue is proper in this district. Venue is also proper in the Southern District of Mississippi. In a case such as this, which is in federal court solely on the basis of diversity jurisdiction, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). Despite

Nalco's claims to the contrary, a substantial part of the events underlying this dispute occurred in the Southern District of Mississippi. The chemical spill took place in Natchez, Mississippi, and, by extension, so did the clean-up project, the storage of the chemical, the second spill, and the second clean-up. The only events Nalco claims took place in Illinois are the execution of the contract between Nalco and EMI and some communications between the parties regarding the clean-up that Nalco does not describe in any detail.

### B. Convenience of the parties and witnesses

Generally, courts give substantial deference to a plaintiff's choice of forum, especially if, as here, it is the plaintiff's home forum. *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 774-75 (N.D. Ill. 1998). However, obviously this deference is not absolute, and will not defeat a well-founded motion to transfer. *Id.* at 775. Based on an analysis of the remaining factors, the Court finds the instant motions to be well-founded. The majority of the material events took place in Mississippi. As a result, most of the non-testimonial evidence and other sources of proof are likely located there.

Transferring the case also seems to serve the convenience of the witnesses. Nalco does identify an employee who has knowledge regarding the chemicals involved in the spill and an employee who has knowledge regarding the terms of the contract between EMI and Nalco, both of whom reside in Illinois. These are the only potential witnesses that reside in Illinois, however. The other parties identify a number of witnesses that reside in Mississippi. In addition to the parties' employees that were involved with the clean-up project, these witnesses include non-party witnesses, such as employees of Nalco's customer, the contractor who damaged the storage tank, and officials from the Mississippi Department of Environmental Quality. The convenience of non-party witnesses is most significant because the Court presumes party witnesses will

appear voluntarily. *First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006). A number of additional witnesses live in states such as Texas and Louisiana and the Court presumes that the Southern District of Mississippi is more convenient for these witnesses than the Northern District of Illinois.

Nalco concedes that it is not inconvenienced by trying the case in Mississippi, arguing that this factor should weigh neutrally. While the other parties are not based in Illinois, they are also not based in Mississippi. However, the other parties do point out that some of their employees who have knowledge relevant to the dispute are in Mississippi. Moreover, the Court notes that Third-Party Defendants have expressed their intent to seek contribution from additional parties who do probably reside in Mississippi, such as Nalco's customer and contractor. This does not weigh heavily in favor of transferring the case since these claims are only hypothetical at this point, but it does provide some support.

Thus, in sum, the Southern District of Mississippi is a more convenient forum for the parties and witnesses.

### C. Interests of justice

The transfer is also in the interests of justice. The parties seem to agree that the first two factors in the analysis do not tilt in either direction. Given that the chemical spills, clean-up efforts, and continued storage of the chemicals took place in Mississippi, however, the third and fourth factors weigh in favor of granting the motion.

## CONCLUSION

For the above reasons, the Court grants Defendant's and Third Party Defendants' motions for transfer of venue. The Court therefore transfers the case to the District Court for the Southern District of Mississippi.

IT IS SO ORDERED.

3/8/10
Dated

Hon. William J. Hibbler
United States District Court